# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ROBERT JAMES SWINT,**

    **Plaintiff,**

    v.                            CASE NO. 21-3157-SAC

**DEPARTMENT OF JUSTICE AND**
**6.2 BILLION CLUB,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Robert James Swint brings this pro se civil rights action. Although Plaintiff lists his address as "P.O. Box 1235, Clatskanie, OR 97016" his return address on his envelope is listed as "2600 Center St, NE, Salem, OR 97301-268." (Doc. 1–2.) The Oregon government website lists this Salem address as the Oregon State Hospital.[1] Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). The Court dismisses this action as frivolous.

## I. Nature of the Matter before the Court

Plaintiff states that he is bringing this action for discrimination and unlawful imprisonment. Plaintiff alleges in his Complaint that "[t]he Department of Justice used me as a pawn and unlawfully imprisoned me for 20 years under trumped up charges in a scheme for global domination." (Doc. 1, at 3.)

Plaintiff names the Department of Justice and the "6.2 Billion Club" as defendants. Plaintiff seeks punitive and compensatory damages and a full pardon. Plaintiff states that he is seeking "6.2 Billion" because:

> April 26, 2000 – NY Times International Paper (USA underground) offers 6.2 Billion for champion then the US blew up

---

[1] *See* https://www.oregon.gov/oha/osh/Pages/contact.aspx (last visited July 6, 2021).

> the Champlain Towers as confirmation by the way April 26, 2000 was also the day World Intellectual Property Day was declared and Howard Dean signed Vermont's same sex bill. (GA). You can trace it back, Dec. 22 1986, World Population foreseen at 6.2 Billion set for 2000, right after April 26, 1986 when Chernobyl happened . . ..

*Id*. at 4.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

Plaintiff's Complaint is frivolous and fails to state a claim. Plaintiff states in his Complaint that he filed the same cause, or a substantially equivalent complaint, in Case No. 21-2960 assigned to the Honorable Judge Laura Taylor Swain. (Doc. 1, at 5.) In that case, the court found Plaintiff's claims were frivolous, stating:

> Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Plaintiff asserts claims against a random group of defendants, including "Fallout 76" and Hurricane Sandy, and the facts asserted do not remotely suggest that he can state a viable claim.
>
> District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

*Swint v. Mueller*, Case No. 21-2960, 2021 WL 2441128, at *2 (S.D. N.Y. June 14, 2021). In discussing Plaintiff's litigation history, the court found that:

> A review of Public Access to Court Electronic Records (PACER) shows that, since December 2020, Plaintiff has filed more than 40 *pro se* civil actions and appeals in federal courts around the country. Most of those cases are either pending or were dismissed for failure to prosecute, but every case that has been addressed on the merits has been dismissed as either frivolous or duplicative, for failure to state a claim, or for lack of subject matter jurisdiction. *See, e.g., Swint v. Mueller*, No. 21-CV-2966 (S.D.N.Y. Apr. 13, 2021) (duplicative); *Swint v. Federal Bureau of Investigation*, No. 21-CV-1145, 2021 WL 1734904, at *1 (D.D.C. May 3, 2021) (frivolous); *Swint v. Int'l Flavor & Fragrances, Inc.*, No. 21-CV-

4

> 491 (D. Oregon May 3, 2021); (frivolous); *Swint v. Allen*, No. 21-CV-491 (D. N.J. May 17, 2021) (frivolous); *Swint v. C.I.A.*, No. 21-CV-306 (D. Ky. June 3, 2021) (lack of subject matter jurisdiction).
>
> Plaintiff is warned that any further duplicative or frivolous litigation in this Court will result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

*Id*. at *2–3 (footnote omitted).

This Court finds that the instant case is likewise frivolous. The Court must dismiss a complaint if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2). The Court dismisses this case as frivolous pursuant to § 1915A(b)(1).

**IT IS THEREFORE BY THE COURT ORDERED** that this matter is frivolous and therefore **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied as moot.**

**IT IS SO ORDERED.**

Dated July 7, 2021, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**